IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>AARON ANTHONY HEATON,<br><br>Defendant. | **MEMORANDUM DECISION REGARDING MOTION FOR LEAVE TO FILE DISMISSAL**<br><br><br><br><br><br>Case No. 2:06-CR-00014 PGC |

On January 4, 2006, the United States charged defendant Aaron Anthony Heaton with the Class C felony of using a means of interstate commerce to entice an individual under the age of 18 to engage in unlawful sexual activity.[1]  On October 6, 2006, the government filed a motion for leave to dismiss that charge without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.  The motion is only one sentence long — this one sentence both makes the motion and avers only that the dismissal is "in the interest of justice."[2]

It may well be that dismissal of this charge is appropriate.  Rule 48(a), however, provides that dismissal must be "with leave of court."[3]  The purpose of this leave-of-court requirement is

---

[1]  *See* 18 U.S.C. § 2422(b) (2000 & Supp. 2006).

[2]  Mot. for Leave of the Court to File a Dismissal of the Incident, Docket No. 36.

[3]  Fed. R. Crim. P. 48(a).

to allow the court to review the grounds for the dismissal.[4]  Usually, of course, the court will approve a government motion to dismiss, as "a court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest."[5]  But even though the standard is a deferential one, the court must make its own independent determination that dismissal is warranted.  A mere conclusory statement from the government that dismissal is appropriate does not allow the court to satisfy its obligations.[6]

There is a particular need to examine the reasons for dismissal in this case to ensure that the crime victim's rights are fully protected.  The indictment alleges a sexual offense against a young victim.[7]  Under the Crime Victims' Rights Act (CVRA), this victim has the broad right "to be treated with fairness and with respect for [her] dignity and privacy."[8]

This victim's right to fairness extends to the court's decision regarding whether to dismiss an indictment even though no public proceeding will be held on the issue.  Although some of the other rights in the Crime Victims' Rights Act (such as the right to be heard and the

---

[4] *In re Richards*, 213 F.3d 773, 787–89 (3d Cir. 2000).  *See generally* DOUGLAS E. BELOOF ET AL., VICTIMS IN CRIMINAL PROCEDURE 459–71 (2d ed. 2006).

[5] *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004) (citation omitted).

[6] *United States v. Ammidown*, 497 F.2d 615, 620 n.10 (D.C. Cir. 1974).

[7] The government would have charged Mr. Heaton with *attempting* to entice a minor if there were no actual minor involved who could be enticed.  *See United States v. Thomas*, 410 F.3d 1235, 1245 (10th Cir. 2005); *see also United States v. Johnson*, 376 F.3d 689, 694 (7th Cir. 2004).

[8] 18 U.S.C. § 3771(a)(8).

right to not be excluded) are limited to "public proceedings,"[9] the right to fairness is not so restricted. Under the conventional rules of statutory construction, where the legislature has used a limiting term in one part of a statute but left it out of others, the court should not imply the term where it has been excluded.[10] Therefore, the crime victims' right to be treated with fairness and dignity applies not only to public court proceedings but more broadly to all aspects of the criminal justice system — including the court's decision whether to grant the government's motion to dismiss.

This interpretation of the Act is fully consistent with the legislative history. Congress plainly intended to give victims broad rights to fair treatment. As Senator Kyl, one of the chief sponsors of the Crime Victims Rights Act explained,

> The broad rights articulated in this section are meant to be rights themselves and are not intended to just be aspirational. One of these rights is the right to be treated with fairness. Of course, fairness includes the notion of due process. . . . This provision is intended to direct government agencies and employees, whether they are in executive or judicial branches, to treat victims of crime with the respect they deserve and to afford them due process.[11]

When the government files a motion to dismiss criminal charges that involve a specific victim, the only way to protect the victim's right to be treated fairly and with respect for her dignity is to consider the victim's views on the dismissal. It is hard to begin to understand how a victim would be treated with fairness if the court acted precipitously to approve dismissal of a

---

[9] *See id.* § 3771(a)(3), (4).

[10] 2A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 46.06, at 180, 194 (6th ed. 2000); *see also Leisnoi, Inc. v. Stratman*, 154 F.3d 1062, 1067 (9th Cir. 1998); *GE Solid State, Inc. v. Dir., Div. of Taxation*, 625 A.2d 468, 473 (N.J. 1993).

[11] 150 CONG. REC. S10,910 (daily ed. Oct. 9, 2004) (statement of Sen. Kyl).

case without even troubling to consider the victim's views.  To treat a person with "fairness" is generally understood as treating them "justly" and "equitably."[12]  A victim is not treated justly and equitably if her views are not even before the court.  Likewise, to grant the motion without knowing what the victim thought would be a plain affront to the victim's dignity.  Indeed, even the pre-CVRA case law recognized a dismissal to be "clearly contrary to the public interest" if the prosecutor appeared to be motivated to dismiss by animus toward the victim.[13]  The court cannot make a fully informed decision about whether the prosecutor is acting out of animus to a victim without having the victim's views on the subject.

To be sure, the CVRA also provides that it shall not be construed "to impair the prosecutorial discretion of the Attorney General . . . ."[14]  But executive discretion is not impaired when, after a prosecutor has determined to file a motion to dismiss, the court considers a victim's views in aid of *its* determination whether to grant such a motion.

For all these reasons, before granting any motion by the government under Rule 48(a) to dismiss charges involving a specific victim, the court must have the victim's views on the motion.  The CVRA provides a convenient mechanism for this to happen.  The Act guarantees victims the "reasonable right to confer with the attorney for the Government in the case."[15]  This

---

[12] BLACK'S LAW DICTIONARY 633 (8th ed. 1999) (definition of adj. "fair").

[13] *In re Richards*, 213 F.3d at 787; *see also United States v. Hamm*, 659 F.2d 624, 629–30 (5th Cir. 1981).

[14] 18 U.S.C. § 3771(d)(6).

[15] *Id.* § 3771(a)(5).

right is not limited to particular proceedings — it is "intended to be expansive,"[16] and thus applies broadly to "any critical stage or disposition of the case."[17] Therefore, in passing on any government motion under Rule 48(a) in any victim-related case, the court will expect to see the prosecutor recount that the victim has been consulted on the dismissal and what the victim's views were on the matter.

Accordingly, in this case, so that the court can discharge its obligations under Rule 48(a), the government is directed to provide a basis for its motion within 14 days of the date of this order. This pleading shall also recount the victim's views on the dismissal. If appropriate, this pleading can be filed under seal.[18]

SO ORDERED.

DATED this October 24th, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[16] 150 CONG. REC. S10,910 (daily ed. Oct. 9, 2004) (statement of Sen. Kyl).

[17] *Id.*

[18] *See United States v. Doe*, 101 F. Supp. 609, 611 (D. Conn. 1951).