BRETT L. TOLMAN, United States Attorney (#8821)
KARIN FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
185 South State Street, #300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682
Facsimile:  (801) 524-6924

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | 2:06 CR 014 PGC |
|---|---|---|
| Plaintiff, | : | |
| v. | : | UNITED STATES' RESPONSE TO ORDER REGARDING MOTION FOR LEAVE TO DISMISS |
| AARON ANTHONY HEATON, | : | |
| Defendant. | : | Hon. Paul G. Cassell |

This memorandum in support of the government's motion for leave to dismiss the indictment is filed at the direction of the Court.  As explained below, the United States believes that the indictment should be dismissed because such action is in the interest of justice in light of the specific circumstances of this case.

On January 4, 2006, an indictment was returned charging the defendant with using a means of interstate commerce to entice or attempt to entice an individual under the age of 18 to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b).  On October 6, 2006, the United States filed a motion for leave to dismiss the indictment without prejudice pursuant to Rule 48(a), Federal Rules of Criminal Procedure, on the grounds that such action would be "in the interest of justice."

In a memorandum decision filed October 31, 2006, this Court asserted that the indictment alleged "a sexual offense against a young victim" because the United States would have charged defendant "with *attempting* to entice a minor if there were no actual minor involved who could be enticed." Concerned that the rights of the apparent victim be safeguarded, the Court indicated that it could not meaningfully review the motion absent knowledge of the victim's opinion on the proposed dismissal of charges. The Court therefore directed the United States file a pleading explaining the basis for its motion with an explanation of the United States' consultation with the victim and recounting the victim's views on the dismissal.[1]

The United States endeavors to protect the rights of crime victims at every stage of every criminal proceeding. Consistent with that objective, the United States routinely consults victims on important case developments, including the possible dismissal of charges. This communication is done out of respect for the victims of crime as well as the mandates of the Crime Victim Rights Act.

In this instance, the defendant was indicted for violating 18 U.S.C. § 2422, which prohibits using a means of interstate commerce to entice or to attempt to entice an individual under the age of 18 to engage in sexual activity. As is frequently true in such cases, the charge against defendant was based on defendant's efforts to entice a person whom he believed was a minor but who was in reality an undercover agent posing as a

---

[1] This Court cited *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004), which requires a court "to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." Order at 2. The Tenth Circuit relied on the Supreme Court's decision, *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977), which explained that the "leave of court" requirement is designed to protect a defendant against prosecutorial harassment such as charging, and then dismissing and recharging over the defendant's objection. In this case, there are no such concerns and dismissal is appropriate so the government can uphold its agreement with the defendant.

minor.[2]  Notwithstanding the fact that no actual minor was the subject of defendant's enticement efforts, the case was properly indicted under section 18 U.S.C. § 2422 because defendant attempted to entice a minor.

Because there was no "actual victim," the United States did not recount the victim's views on the issue of dismissal.  The United States carefully evaluated the circumstances of this case, including the facts, the defendant's history and all circumstances, and has entered into an agreement with the defendant in this case that involves dismissal of this case without prejudice.  The United States assures this Court that if there were a victim in this case, the United States would first confer with the victim not only because of the mandates of the Crime Victim Rights Act, but also because of our courtesy and respect for victims of crime.

Dated this 17th day of November, 2006

> BRETT L. TOLMAN
> United States Attorney
>
> /s/ Karin Fojtik
> _____
> KARIN FOJTIK
> Assistant United States Attorney

---

See Docket #7, "and attempted to so persuade, induce and entice."

3